[Cite as *Yellow Brick Rd. Auctions, L.L.C. v. Dixon*, 2025-Ohio-1934.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

YELLOW BRICK ROAD AUCTIONS,    :
LLC,

       Plaintiff-Appellee,      :

                             No. 114467

       v.      :

GRADY L. DIXON,      :

       Defendant-Appellant.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, VACATED, AND REMANDED
**RELEASED AND JOURNALIZED:** May 29, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-987623

---

***Appearances:***

Jacobs & Lowder and Joseph Jacobs, *for appellee.*

The Law Offices of Mark A. Ziccarelli and Mark A. Ziccarelli, *for appellant.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Appellant Grady L. Dixon ("Dixon") appeals the trial court's journal entry that found Dixon breached a contract with appellee Yellow Brick Road Auctions, LLC ("YBR") and also ordered specific performance. Having reviewed the

record and appliable law, we reverse the trial court, vacate the trial court's journal entry and remand the matter.

## I. Facts and Procedural History

{¶ 2} On October 26, 2023, YBR filed its complaint against Dixon alleging claims for breach of contract, specific performance and injunctive relief. The claims concerned a sales agreement ("Agreement") between Dixon and YBR to sell, via an auction, Dixon's motor vehicle, a 2008 Chrysler Crossfire SRT6.

{¶ 3} On June 10, 2024, a bench trial was held.

{¶ 4} On August 21, 2024, the trial court issued its verdict and made the following findings: Dixon breached the contract between him and YBR and YBR was entitled to specific performance requiring Dixon to effectuate the sale of his vehicle pursuant to the Agreement. The court also issued a permanent injunction enjoining Dixon from selling, conveying or transferring the vehicle to any third party. The court ordered Dixon to comply with the order within seven days from the judgment entry or the court would hold a contempt hearing.

{¶ 5} On August 27, 2024, Dixon properly filed a request for findings of facts and conclusions of law with the trial court. On October 7, 2024, the trial court issued its findings of fact and conclusions of law.

{¶ 6} On October 16, 2024, Dixon filed his timely notice of appeal raising three assignments of error:

> **ASSIGNMENT OF ERROR NO. 1:** The trial court erred when it found in favor of the appellee for specific performance by ordering

appellant to immediately sign and provide the title of the vehicle to transfer ownership to the winning bidder of the auction.

**ASSIGNMENT OF ERROR NO. 2:** The trial court erred when it ordered specific performance ordering appellant to transfer title of the vehicle to the winning bidder when the winning bidder was not a party to the lawsuit.

**ASSIGNMENT OF ERROR NO. 3:** The trial court erred in ordering specific performance as specific performance is an equitable remedy and when appellee comes to the court with clean hands to be entitled to assert the equitable remedy of specific performance.

**Trial Testimony**

{¶ 7} The following was elicited at the bench trial.

{¶ 8} YBR is a company that provides online auction services using a secure, hosted online auction platform. Melissa Mendise ("Mendise") is the sole owner of the company.

{¶ 9} Dixon solicited and contacted YBR sometime in August 2023 indicating his desire to sell his 2008 Chrysler Crossfire SRT6.

{¶ 10} On September 24, 2023, Dixon and YBR entered into a contract with an addendum for YBR to sell his vehicle for him. The vehicle was to be sold by YBR via an online auction with a minimum bid price of $12,000. Per the Agreement, YBR was entitled to 12 percent of the selling price and Dixon was entitled to 88 percent of the selling price. Per the Agreement, the auction was to begin on September 28, 2023, at 7:30 p.m. and would close on October 5, 2023, at 7:00 p.m.

{¶ 11} Mendise went to Dixon's residence and took 75-80 photographs of the vehicle to post on the online auction service software RainWorx, which she utilizes

to facilitate the sale of goods by auction. She ultimately uploaded 46 photographs of the vehicle.

{¶ 12} After running for one week, per the Agreement, only one bid was submitted in the auction on the last day and the bid was for $12,000.

{¶ 13} At trial, Robert Kotyk testified that he was told by Mendise that he had won the auction to buy Dixon's vehicle and that he was still interested in buying it.

{¶ 14} Mendise contacted Dixon and let him know the vehicle sold for the agreed minimum bid price of $12,000. Dixon informed Mendise at that time that he was not going to sell the vehicle for that amount.

{¶ 15} Mendise testified that, had Dixon not breached the contract, based on the vehicle's selling price she would have been entitled to 12 percent of $12,000 or $1,440 from him. She also testified that she would have received a premium payment from the bidder and the premium is 8 percent of the selling price or $960. The buyer's premium was used to cover administrative costs and Mendise was unsure how much of the 8 percent she would have gotten from this sale after costs. Dixon acknowledged he would owe Mendise 12 percent based on the terms of the Agreement.

## II. Law and Analysis

{¶ 16} There is no dispute here that there was a contract between Dixon and YBR and that Dixon breached the contract.

{¶ 17} All three of Dixon's assignments of error concern the trial court's award of specific performance. The first assignment of error is dispositive of this

appeal. Specifically, Dixon argues that the trial court erred awarding YBR specific performance ordering him to immediately transfer the vehicle to the winning bidder of the auction. We agree.

{¶ 18} "Specific performance as a remedy for breach of contract is a matter resting in the sound discretion of the court, not arbitrary, but controlled by principles of equity, on full consideration of the circumstances of each particular case." *Poppy v. Whitmore*, 2004-Ohio-4759, ¶ 8 (8th Dist.), citing *Roth v. Habansky*, 2003-Ohio-5378, ¶ 17 (8th Dist.). "The standard of review in such a case is whether the trial court, sitting as a court of equity, abused its discretion." *Id.*, citing *Manning v. Hamamey*, 1998 Ohio App. LEXIS 493 (8th Dist. 1998). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. A court has no discretion to act contrary to law. *Johnson* at ¶ 39.

{¶ 19} The equitable remedy of specific performance is "available when the promissor's failure to perform constitutes a breach of contract and money damages or other legal remedies will not afford the promisee adequate relief." *Anzalaco v. Graber*, 2012-Ohio-2057, ¶ 20 (8th Dist.), citing *Ferraro v. Cristiano*, 2009-Ohio-4789, ¶ 72 (2d Dist.). "Specific performance is only available where there is no adequate remedy at law." *Midamco v. Sashko*, 2012-Ohio-1189, ¶ 22 (8th Dist.) citing *Gleason v. Gleason*, 64 Ohio App.3d 667, 672 (4th Dist.

1991). "Generally, specific performance will be denied unless there is evidence that money damages would be an inadequate remedy." *Id.*

{¶ 20} After careful consideration, we find that there is insufficient evidence that money damages would be an inadequate remedy for YBR. Under the Agreement, YBR's compensatory damages would be limited to what YBR was entitled had Dixon performed, which Mendises testified was 12 percent of the purchase price and 8 percent from the bidder's premium. Under the Agreement, YBR was never going to have Dixon's vehicle titled to it. We find that compensatory damages are an adequate remedy here.

{¶ 21} The only argument YBR made to support an award of damages outside of compensatory damages was alleged damage to her business's reputation. However, at trial, Mendise did not put forth any evidence of lost business from potential bidders in general and even acknowledged that Kotyk was still purchasing goods from her business. Because there is no evidence to support any damages from YBR outside compensatory damages, we find the trial court abused its discretion in awarding YBG specific performance and ordering Dixon to transfer the title.

{¶ 22} As such, we sustain assignment of error No. 1. Assignments of error Nos. 2 and 3 are moot. *See* App.R. 12(A)(1)(c).

{¶ 23} The trial court's judgment regarding specific performance is reversed. The trial court's August 21, 2024 journal entry is vacated and this case is remanded for the trial court to issue a new journal entry awarding YBR compensatory or money damages for the breach of contract.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
DEENA R. CALABRESE, J., CONCUR